## OLSON v. MELLON.

### UNITED STATES ex rel. KNIGHT v. MELLON et al.

Nos. 7560–7566.

District Court, W. D. Pennsylvania.

Oct. 18, 1933.

Chas. A. Russell and Harrison F. McConnell, both of Washington, D. C., Robert A. Henderson, of Altoona, Pa., and M. C. Rhone, of Williamsport, Pa., for plaintiff Olson.

Morris L. Marcus and Reich & Reich, all of Pittsburgh, Pa., and William A. Gray and David Stock, both of Philadelphia, Pa., for plaintiff Knight.

H. L. Stone, William Watson Smith, Leon E. Hickman, and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for defendants Mellon and others.

GIBSON, District Judge.

In each of the above-entitled cases a statutory demurrer has been filed by the defendant. The cases are qui tam actions, wherein the plaintiff alleges in each that the defendant has defrauded the United States of income tax due by means of a false and fraudulent return, and seeks a verdict in behalf of the United States and himself for twice the amount of the alleged unpaid tax and the statutory penalty of $2,000 imposed upon one who has presented a false claim against the United States. The demurrer asserts that no law of the United States exists which authorizes the plaintiff to bring the suit, and that the averments of the plaintiff's statement do not constitute a cause of action under the laws of the United States.

As statutory authority for his action the plaintiff Olson has pointed to the Act of March 2, 1863, "as supplemented and amended," and the plaintiff Knight to USCA title 31, §§ 231–235, and title 18, USCA § 80.

Section 80 of title 18 is as follows: "Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, or for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States, or any de-

partment thereof, or any corporation in which the United States of America is a stockholder, shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, shall be fined not more than $10,000 or imprisoned not more than ten years, or both. (R. S. § 5438; May 30, 1908, c. 235, 35 Stat. 555; Mar. 4, 1909, c. 321, § 35, 35 Stat. 1095; Oct. 23, 1918, c. 194, 40 Stat. 1015.)"

Sections 231 and 232 follow:

"§ 231. *Liability of Persons Making False Claims.* Any person not in the military or naval forces of the United States, or in the militia called into or actually employed in the service of the United States, who shall do or commit any of the acts prohibited by any of the provisions of section 80 of Title 18, shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit. (R. S. § 3490.)

"§ 232. *Same; Suits.* The several district courts of the United States, the supreme court of the District of Columbia, the several district courts of the Territories of the United States, within whose jurisdictional limits the person doing or committing such act shall be found, shall, wheresoever such act may have been done or committed, have full power and jurisdiction to hear, try, and determine such suit. Such suit may be brought and carried on by any person, as well for himself as for the United States; the same shall be at the sole cost and charge of such person, and shall be in the name of the United States, but shall not be withdrawn or discontinued without the consent, in writing, of the judge of the court and the district attorney, first filed in the case, setting forth their reasons for such consent. (R. S. § 3491.)"

The statutes, as quoted supra, on their faces at least, furnish strong support of the right of the plaintiffs to institute the present actions. In the Olson case, however, the defendant asserts that the Act of March 2, 1863 (12 Stat. 696), is now obsolete; and in the other cases the defendants contend that the quotation of sections 231–235, title 31, US

CA, was in fact an unofficial and mistaken substitution of the text for sections 3490 et seq., Rev. St., which was narrower in scope and did not authorize qui tam actions to collect income tax unlawfully withheld.

The act establishing the Revised Statutes of the United States was approved June 20, 1874 (18 Stat. 113). By it all acts of Congress passed prior to December 1, 1873, any section of which was embraced in the revision, were repealed, and the section applicable thereto was established in lieu thereof. Sections 5438 and 3490 of the Revised Statutes had each been a part of the Act of March 2, 1863. Section 5438 imposed a penalty upon those presenting, or obtaining the proceeds of, false claims against the United States. Section 3490 is as follows: "Any person not in the military or naval forces of the United States, or in the militia called into or actually employed in the service of the United States, who shall do or commit any of the acts prohibited by any of the provisions of section fifty-four hundred and thirty-eight, Title 'Crimes,' shall forfeit and pay to the United States the sum of two thousand dollars, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit."

Section 3491, Rev. St., also part of the act of 1863, authorized qui tam actions to recover the penalties fixed by section 3490.

It will be noted that section 5438, R. S., related only to false claims against the United States, and was not wide enough, in its original form, to include the suppression of material matters in an income tax return. See United States v. Cohn, 270 U. S. 339, 46 S. Ct. 251, 70 L. Ed. 616, Capone v. United States (C. C. A.) 51 F.(2d) 609, 614, 76 A. L. R. 1534.

Section 5438, R. S., became section 35 of the Criminal Code (March 4, 1909), but section 3490 was not repealed when the Criminal Code was adopted, and has not since been re-enacted.

By Act of October 23, 1918, section 35, Criminal Code was amended by the insertion of the following: " * * * Or whoever, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, or for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States, or any department thereof, or any corporation in which the United States of America

is a stockholder, shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry. * * * " (18 USCA § 80.)

Counsel for the plaintiff Olson has contended that section 5438, Rev. St., prior to the amendment of 1918, was wide enough to cover a false return of income. In this contention, as stated supra, we cannot agree with him. Counsel for the other plaintiffs, as we understand his position, admits that the original section, 5438, Rev. St., is insufficient to cover a false tax return, but asserts that the amendment of 1918 is sufficient; and further asserts that section 3490, Rev. St., now includes not only the subject-matter of the original section 5438, Rev. St., but also the amendment of 1918. Counsel concede, where a statute has been incorporated as a whole by another statute, that any amendment or repeal of the incorporated statute will not, as a general rule, either add to or take away its original effect from the incorporating act, but will leave that statute with just the same scope it had at the time of its enactment. They contend, however, that an exception to the general rule exists when the two acts were originally different sections of an original statute. Sections 3490 and 5438, Rev. St., were substantial re-enactments of different sections of the Act of March 2, 1863.

Admitting the exception to the general rule under certain circumstances, we are of opinion that such circumstances do not exist in the present cases. When the Revised Statutes were adopted, all prior laws covering the subject-matter of any of their sections were repealed. The sections in question were widely separated; section 5438 being placed under title 70, "Crimes," and section 3490 under title 36, "Debts Due the United States." In 1909 section 5438 was repealed, being substantially re-enacted in the repealing statute as section 35 of the Criminal Code, as before stated. Section 3490 was not repealed by the Criminal Code statute. It will thus be seen that the two sections, although having their origin in the same act of Congress, had been separated and had become parts of different statutes in their present existence.

United States Code, title 18, § 80 (18 USCA § 80), includes the amendment of section 35 of the Criminal Code, as quoted supra, and section 231 of the United States Code, title 31 (31 USCA § 231) designed as an inclusion of section 3490, Rev. St., appears to incorporate that amendment. It cannot be claimed (and we believe is not claimed by counsel for the plaintiffs) that the United States Code, in itself, authorizes the plaintiffs' actions. The Code act of 1926 (44 Stat. pt. 1, p. 1) repealed or amended no existing law, but was designed only to set forth the United States statutes as they existed on December 7, 1925. The reference in section 231 of the United States Code to "section 80 of Title 18" was one of the slight lapses likely to occur in a codification of numerous laws, and has, in itself, no force. In the United States Code annotated, prepared by the editorial staffs of West Publishing Company and Edward Thompson Company, who also doubtless prepared the Code statute, the following comment is made:

*"Editorial Comment.*—Section 80 of Title 18, Criminal Code and Criminal Procedure, does not cover all of the acts formerly prohibited by R. S. § 5438, to which the original text of this section referred. * * * Criminal Code, § 35 (sections 80 and 82 to 86 of Title 18) as amended, covers some acts not covered by R. S. § 5438. Perhaps this section should be made to follow substantially the language of R. S. § 5438, as follows. * * * "

Counsel for the plaintiffs have contended that sections 3490, 3491, Rev. St., are remedial statutes, and, as such, are entitled to a quite liberal construction, as opposed to the strict construction to be given a penal statute. With this contention we are unable to agree. The statute is plainly penal in its nature, and is not to be enlarged by implication; and, unless it be so enlarged, no statutory authority exists for plaintiffs' suits.

Defendants have urged that the demurrers should be sustained for the further reason that in none of the statements of claim is it set forth that the plaintiff had the permission of the Commissioner of Internal Revenue to bring the action. Such permission is made necessary under certain circumstances by section 3214, Rev. St. (26 USCA § 143), which is as follows: "No suit for the recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner of Internal Revenue authorizes or sanctions the proceedings:

Provided, That in case of any suit for penalties or forfeitures brought upon information received from any person, other than a collector or deputy collector, the United States shall not be subject to any costs of suit."

This section was a part of section 9 of the Act of July 13, 1866 (14 Stat. 98, 111), amending section 41 of the Act of June 30, 1864 (13 Stat. 223) as amended by the Act of March 3, 1865 (13 Stat. 469). In a preceding part of the section it was declared to be the duty of collectors of internal revenue to prosecute for the recovery of any sums which may be forfeited by law. It then provided that all suits for fines, penalties, and forfeitures should be brought in the name of the United States, "in any proper form of action, or by any appropriate form of proceeding, qui tam or otherwise. * * *" The section did not specifically mention the Act of March 2, 1863, certain of the provisions of which were incorporated in sections 3490 to 3494 of the Revised Statutes (31 USCA §§ 231 to 235). Were the reference to qui tam actions not present, the section thus far might be taken as controlling collectors; but following the provision incorporated in section 3214, R. S. (26 USCA § 143) is the following: "Provided, That in case of any suit for penalties or forfeitures brought upon information received from any person, other than a collector, deputy collector, assessor, assistant assessor, revenue agent, or inspector of internal revenue, the United States shall not be subject to any costs of suit, nor shall the fees of any attorney or counsel employed by any such officer be allowed in the settlement of his account, unless the employment of such attorney or counsel shall be authorized by the commissioner of internal revenue, either expressly or by general regulations."

Many of the practices in existence at the time of the passage of the Revenue Acts of 1863 to 1870 have been changed by statute or have become obsolete in use. At the time the act of 1866 was passed an informer was entitled to receive a moiety of the amount of a penalty or forfeiture recovered pursuant to his information—in fact, the act itself makes such provision. And a collector, deputy collector, or revenue agent, if the knowledge came to him other than in the regular performance of his duty, could at that time be such informer.

We know of no rule in relation to the construction of statutes which takes the instant cases out of the purview of section 3214, Rev. St. As we interpret it, it discloses a plain intent on the part of Congress to keep all cases for the collection of internal revenue taxes, fines, penalties, and forfeitures under the supervision of the Commissioner of Internal Revenue. It was existing law when it and sections 3490–3494 became parts of the Revised Statutes, and cannot be held to be repealed by the amendment of section 35, Criminal Code (5438, Rev. St.), by the act of 1918 (18 USCA § 80), even if it be held—and it is still a mooted question—that the amendment is broad enough to include false income tax returns. The sections may well exist together.

Being of opinion that the amendment of section 35, Criminal Code, by the act of 1918, is not to be read into the provisions of sections 3490 to 3494, Rev. St., and that consent of the Commissioner of Internal Revenue is necessary to the lawful institution of a suit for the recovery of internal revenue fines and penalties, and therefore that each of the plaintiffs in the present actions is without statutory authority necessary as a basis for his action, the statutory demurrers filed in each case must be sustained.