UNITED STATES of America, ex rel. U.S.–NAMIBIA (SOUTHWEST AFRICA) TRADE & CULTURAL COUNCIL, INC., Plaintiff,

v.

The AFRICA FUND, Defendant.

No. 84 Civ. 0658 (KTD).

United States District Court, S.D. New York.

July 27, 1984.

Shipley, Smoak & Henry, Washington, D.C., for plaintiff; Thomas C. Henry, Washington, D.C., and George N. Abrahams, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the U.S. of America; Jordan Stanzler, Asst. U.S. Atty., New York City, of counsel.

Center for Constitutional Rights, New York City, for defendant; Peter Weiss, Frank E. Deale, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff U.S.-Namibia (South West Africa) Trade & Cultural Council, Inc. (the "Council") brought this action challenging the tax-exempt status of the defendant, The Africa Fund (the "Fund"). Plaintiff invoked the *qui tam* statute, 31 U.S.C. § 3730, which allows an individual in certain circumstances to sue on behalf of the government to recover damages for false claims presented to the United States.

Plaintiff's complaint alleges that the defendant knowingly made false statements to the Internal Revenue Service in obtaining its tax-exempt status, though it is not clear from the complaint what these false statements were. In March 1984, the defendant moved to dismiss this action for failure to state a claim upon which relief may be granted, or alternatively for summary judgment. It also sought an award of attorney's fees asserting that plaintiff's action was frivolous, a sham, and intended only as harassment of the defendant. As part of its motion to dismiss, defendant contended that plaintiff's failure to serve the United States Government barred this action. Plaintiff served the United States shortly thereafter, at which time the government indicated that it would move to dismiss the action. Thus, the disposition of the Africa Fund's motion was held in abeyance pending the filing of the government's motion. Plaintiff has presented no opposition to this subsequent motion by the government. For the reasons that follow, the complaint is dismissed.

■ There are several reasons for dismissal of this action. First, plaintiff's action is based on the False Claims Act; yet plaintiff has not alleged that any fraudulent claims for payment have ever been made upon the United States Government. Plaintiff only asserts that defendant fraudulently obtained tax-exempt status. To violate the False Claims Act, however, a person must knowingly present a false or fraudulent claim for payment or approval, make a false record or statement to get a false claim paid, or conspire to defraud the government by getting a false claim paid. *See* 31 U.S.C. § 3729. Here, defendant has not been alleged to have made any claim or demand for money. Accordingly, defendant cannot be said to have violated the False Claims Act. *See United States v. McNinch*, 356 U.S. 595, 599, 78 S.Ct. 950, 952, 2 L.Ed.2d 1001 (1958).

■ A second reason for dismissing plaintiff's action stems from Internal Revenue Code section 7401 which provides that "[n]o civil action for the collection or recovery of taxes ... shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General ... directs that the action be commenced." The *qui tam* statute does not authorize a private party to override section 7401 to recover penalties or damages allegedly sustained by the government by virtue of false income tax statements. *See Olson v. Mellon*, 4 F.Supp. 947, 950 (W.D.Pa.1933), *aff'd per curiam*, 71 F.2d 1021 (3d Cir.), *cert. denied*, 293 U.S. 615, 55 S.Ct. 147, 79 L.Ed. 704 (1934). In essence, plaintiff is attempting to enforce the tax laws through an improper vehicle—the False Claims Act— and as an improper party—not the United States. *See United States ex rel. Roberts v. Western Pacific Ry. Co.*, 190 F.2d 243, 246–47 (9th Cir.1953) ("in respect to tax frauds the legislative purpose was not to permit a [*qui tam*] action ... to be maintained by an individual, at least without express consent of the Commissioner of Internal Revenue").

■ Third, the government would have been unable to sue the Africa Fund under the False Claims Act in its own right. If the Fund improperly obtained tax exempt status, the government's recourse would be to revoke such status through administrative action and then to proceed to make a tax liability assessment and to issue a Notice of Deficiency for taxes due. *See generally* I.R.C. §§ 6201, 6212–13. If the government itself is unable to sue under the False Claims Act then the plaintiff should not be permitted to sue on the government's behalf.

I note also that plaintiff's failure to serve the government with the summons and complaint in this action until seventy-three days after the action was commenced would seem to bar the action. *See United States of America ex rel. Sacks v. Philadelphia Health Management Corp.* 519 F.Supp. 818, 822 (E.D.Pa.1981). In any case, there is no need to address the several additional grounds for dismissing plaintiff's action. The government's motion to dismiss must be granted.

# 1352

 Obviously, the Fund's motion to dismiss or for summary judgment for the most part is now moot. One aspect of its motion, however, is not mooted by granting the government's motion. The Fund requests attorney's fees against plaintiff for its maintenance of this suit. The asserted basis is Rule 11 which provides:

> The signature of an attorney or party [on a pleading] constitutes a certificate by him that ... to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass .... If ... a violation of this rule [occurs,] the court *shall* impose ... an appropriate sanction ... including a reasonable attorney's. fee.

Fed.R.Civ.Proc. 11.

In addition to the numerous grounds cited above for dismissal of plaintiff's action, defendant's also potentially had available an assertion of collateral estoppel. Two prior actions commenced by the plaintiffs asserting similar political contentions and utilizing the *qui tam* statute were also dismissed by the respective district courts. *See United States Southwest Africa/Namibia Trade & Cultural Council v. United States Department of State,* 90 F.R.D. 695, 696 (D.D.C.1981), *aff'd mem.,* No. 81–2018 (D.C.Cir.1982); *United States Southwest Africa/Namibia Trade & Cultural Council v. Southwest Africa People's Organization,* No. 83–5637 (S.D.N.Y. May 25, 1984). Thus, plaintiff's repeated initiation of obviously groundless actions, coupled with the specifics of this action establish sufficiently an inference of improper purposes for these suits in violation of Rule 11. Accordingly, the Fund is ordered to submit documentation of its attorneys' fees incurred in defending this action as well as a proposed judgment for such fees, within ten (10) days of the date of this decision on five (5) days notice.

The government's motion is granted, and the complaint is dismissed.

SO ORDERED.