**Harold ASCH, Appellant,**

v.

**PHILIPS, APPEL & WALDEN, INC., and Merrill Lynch, Pierce, Fenner & Smith, Inc., Appellees.**

**No. 662, Dockets 87–7009, 87–7067.**

United States Court of Appeals, Second Circuit.

Argued Jan. 20, 1989.

Decided Feb. 9, 1989.

Harold Asch, pro se.

Virginia A. LoPreto, New York City (Cohn & Blau, Frederick H. Cohn, on the brief), for appellant Asch.

Stanley Godofsky, New York City (Rogers & Wells, Joseph A. Post, Robert A. Giacovas, on the brief), for appellee Merrill Lynch.

Before OAKES, Chief Judge, and LUMBARD and FEINBERG, Circuit Judges.

PER CURIAM:

This appeal arises from a securities fraud dispute. Judge Peter K. Leisure provided a complete account of the factual background in *Baum v. Phillips, Appel & Walden, Inc.*, 648 F.Supp. 1518, 1521–23 (S.D.N.Y.1986). We refer the reader to Judge Leisure's opinion and will simply summarize the facts for the purposes of this appeal.

A group of investors sued Philips, Appel & Walden (a brokerage firm), Merrill Lynch, Pierce, Fenner & Smith, Inc. (the clearing agent for Philips Appel), and Harold Asch (the Philips Appel employee in charge of the plaintiffs' accounts). The plaintiffs alleged violations of sections 7, 9(a)(2), 10(b), 15, and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78g, 78i(a)(2), 78j(b), 78o, 78t(a) (1982 & Supp. IV 1986), and of section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (1982). They also alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 (1982 & Supp. IV 1986), and included pendent state law claims.

The plaintiffs claimed that the defendants manipulated the price of Pittsburgh–Des Moines (PDM) stock in 1981 and caused them to suffer losses in their margin accounts. Defendant Asch also owned a large block of PDM stock on margin, and he, too, lost money when the share price plummeted. Asch filed cross-claims against Philips Appel and Merrill Lynch.

In them, he denied any personal culpability and adopted the plaintiffs' allegations against the two brokerage firms.

Judge Leisure granted summary judgment against the plaintiffs and against Asch on his cross-complaints. *Baum*, 648 F.Supp. at 1538. This is an appeal brought by Asch from that decision. Philips Appel did not appear and is apparently no longer in business. Asch was represented by counsel in the district court but appealed pro se. We assigned counsel to argue his claim under section 15(c) of the 1934 Exchange Act and his RICO claim. We now affirm the judgment dismissing all of Asch's cross-claims.

Section 15(c)(1) of the 1934 Securities Exchange Act, 15 U.S.C. § 78*o* (c)(1) (1982), prohibits fraud and manipulation by broker-dealers involved in over-the-counter transactions and transactions on exchanges where the broker-dealer is not a member. *See Corbey v. Grace*, 605 F.Supp. 247, 249–50 (D.Minn.1985). Asch argues that this statute implicitly creates a private cause of action. He cites three cases that held or assumed that a private cause of action exists under section 15(c): *Franklin National Bank v. L.B. Meadows & Co.*, 318 F.Supp. 1339 (E.D.N.Y.1970); *Maher v. J.R. Williston & Bean, Inc.*, 280 F.Supp. 133 (S.D.N.Y.1967); *Opper v. Hancock Securities Corp.*, 250 F.Supp. 668 (S.D.N.Y.), *aff'd*, 367 F.2d 157 (2d Cir.1966). These cases were decided before *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and are no longer good law on this issue.

*Cort* announced four factors to consider when deciding whether a private remedy is implicit in a statute. *Id.* at 78, 95 S.Ct. at 2088. Since *Cort*, the Supreme Court has focused upon congressional intent and stated that *Cort*'s first three factors elucidate that intent. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979). Thus, "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." We should look to "the language and focus of the statute, its legislative history, and its purpose" to find that intent.

*Id.; see also Thompson v. Thompson*, 484 U.S. 174, ___, 108 S.Ct. 513, 515, 98 L.Ed.2d 512 (1988) (Scalia, J., concurring) (arguing that *Touche Ross* and *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), effectively overruled *Cort*, converting congressional intent into the *"determinative factor"*).

We agree with the post-*Cort* cases holding that section 15(c)(1) does *not* create a private cause of action. *E.g., Admiralty Fund v. Hugh Johnson*, 677 F.2d 1301, 1314 n. 16 (9th Cir.1982); *Dubin v. E.F. Hutton Inc.*, 695 F.Supp. 138, 147 (S.D.N.Y.1988); *Roberts v. Smith Barney, Harris Upham & Co.*, 653 F.Supp. 406, 413–15 (D.Mass.1986); *Corbey v. Grace*, 605 F.Supp. 247, 250–51 (D.Minn.1985); *Pierson v. Dean, Witter, Reynolds, Inc.*, 551 F.Supp. 497, 502–03 (C.D.Ill.1982). Analysis of section 15(c) under *Touche Ross* shows that, while the "focus" of the statute might imply a private cause of action, there is little or nothing else to indicate that Congress intended to create such a remedy. The legislative history is silent, and a private cause of action would not further the purposes of the statute since a broader private right already exists under section 10(b) of the Exchange Act. *See Roberts; Corbey; Pierson, supra.* We therefore hold that section 15(c)(1) of the 1934 Securities Exchange Act, 15 U.S.C. § 78*o* (c)(1), does not implicitly create a private cause of action.

We have considered Asch's other claims and found them to be without merit for the reasons stated by Judge Leisure. Asch argues that our recent decisions in *Beauford v. Helmsley*, No. 87–7216, slip op. 7335, 865 F.2d 1386 (2d Cir.1989), and *United States v. Indelicato*, 865 F.2d 1370 (2d Cir.1989), require reversal of the summary judgment against his RICO claims. However, the failure of Asch's substantive claims means that there are no predicate acts to support a RICO claim. It is therefore unnecessary to decide whether

Asch has adequately shown a pattern of racketeering activity.

JUDGMENT AFFIRMED.