**Barbara Christiansen HARDIN, pro se, and Commissioner of the Internal Revenue, Plaintiffs,**

v.

**DuPONT SCANDINAVIA (ARA–JET), et al., Defendants.**

No. 89 Civ. 2128 (RPP).

United States District Court, S.D. New York.

March 9, 1990.

Barbara C. Hardin, Chester Heights, Pa., pro se.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City, and James L. Garrity, Jr.

Elliot D. Woocher, Woocher & Woocher, Mount Kisco, N.Y., Paula Kochman, Houston, Tex., and Michael M. Levy, Levy & Smith, P.C., Washington, D.C., for defendants.

George Medved, Doepken, Keevican & Weiss, Pittsburgh, Pa.

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff, a resident of Chester Heights, Pennsylvania, proceeding without the assistance of legal counsel, attempts by her complaint herein to navigate the difficult waters of the *qui tam* provisions of the False Claims Amendments Act of 1986 ("FCA"). 31 U.S.C. § 3729 et seq. Plaintiff seeks indeterminate damages on behalf of the Internal Revenue Service ("IRS") and over $20,000,000 for herself under § 3730 of the FCA.

Plaintiff filed her *pro se* complaint on March 20, 1989 on behalf of the Commissioner of Internal Revenue against six companies and five individuals. The substance of the complaint is that the defendants, in violation of the FCA, defrauded the IRS through a scheme to avoid income taxes.

At the outset, plaintiff failed to serve the complaint on the government as required by § 3730(b)(2) of the FCA. On September 12, 1989, the Court ordered plaintiff to serve the government, which she did on September 27, 1989.[1] On December 12, 1989, in accordance with the provisions of the FCA, the United States, by the United States Attorney, declined to intervene in the matter, stating its view that plaintiff has no cause of action under the statute.

Defendants have moved as a group to dismiss the complaint on several grounds, including that it fails to state a cause of action under the FCA because it claims tax monies owed to the IRS. The Court's disposition of the defendants' motion to dismiss the complaint on this ground obviates the need to address defendants' remaining arguments and the other pending motions.[2]

For these purposes, the Court accepts the allegations of the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). The motions to dismiss must be denied unless it appears that plaintiffs can prove no set of facts in support of their claim which would allow them to recover. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court also recognizes that *pro se* litigants are held to less stringent standards with respect to procedure than are attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir.1989) (*pro se* litigants held to "less stringent standards than those governing lawyers"); *Mount v. Book-of-the-Month Club*, 555 F.2d 1108, 1112 (2d Cir.1977) (*pro se* plain-

---

1. In the meantime, plaintiff had served the complaint on many of the defendants, despite the requirement in § 3730(b)(2) that "the complaint ... shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."

2. Several additional motions are before the Court. In conjunction with their motion to dismiss, defendants have moved for an order staying all discovery pending resolution of the motion to dismiss. Plaintiff has also filed motions seeking default judgments against defendants Mining Services Co., Inc. and Kjell Pettersen. Plaintiff has filed an additional motion seeking an order compelling defendant Natural Resources Corp. to produce discovery materials. Finally, the law firm of Doepkin Keevican & Weiss, P.C. has filed a "Motion to Confirm Impropriety of Service and Lack of Status as Legal Representative."

tiffs "entitled to a certain liberality with respect to procedural requirements.").[3]

Section 3730 of the FCA authorizes private citizens who follow specific filing and service requirements to bring actions on behalf of the government for civil damages resulting from violations of 31 U.S.C. § 3729. For bringing successful *qui tam* actions, plaintiffs are rewarded with a percentage of the government's recovery. However, if there has been no violation of § 3729, no cause of action under § 3730 exists.

Section 3729 generally prohibits any person from defrauding the government by false claims, records or statements. 31 U.S.C. § 3729. In the 1986 amendments to the FCA, however, Congress specifically excluded "claims, records or statements made under the Internal Revenue Code of 1954" from this section. 31 . U.S.C. § 3729(e). The legislative history of § 3729(e) indicates Congress added it to the FCA to remove all income tax cases from the scope of § 3729. *See* S.Rep. No. 345, 99th Cong., 2d Sess. 18, *reprinted in*, 1986 U.S.Code Cong. & Ad.News 5266, 5283 ("it is now apparent that the False Claims Act does not apply to income tax cases, and the Committee does not intend that it should be so used...."). Thus, income tax cases are not within the scope of § 3729. Absent a violation of § 3729, there is no claim under § 3730. *See* § 3730(b)(1) ("A person may bring a civil action for a violation of section 3729 for the person and for the United States Government.").

■ Furthermore, § 7401 of the Internal Revenue Code provides that "[n]o civil action for the collection or recovery of taxes ... shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General ... directs that the action be commenced." 26 U.S.C. § 7401. Even before § 3729(e) was added to the False Claims Act, courts relied on

§ 7401 in dismissing *qui tam* actions to recover income taxes. *See, e.g., United States ex rel. U.S.—Namibia (Southwest Africa) Trade & Cultural Council v. Africa Fund*, 588 F.Supp. 1350, 1351 (S.D.N.Y. 1984) (false statement to IRS to obtain tax exempt status); *Olson v. Mellon*, 4 F.Supp. 947, 948 (W.D.Pa.1933), *aff'd*, 71 F.2d 1021 (3d Cir.), *cert. denied*, 293 U.S. 615, 55 S.Ct. 147, 79 L.Ed. 704 (1934) (false return understating tax due); *United States ex rel. Roberts v. Western Pac. R. Co.*, 190 F.2d 243, 247 (9th Cir.1951), *cert. denied*, 342 U.S. 906, 72 S.Ct. 298, 96 L.Ed. 678 (1952) (same). *See also Black Prince Distillery, Inc. v. United States*, 586 F.Supp. 1169 (D.N.J.1984). Thus, actions to recover income taxes are not authorized by the *qui tam* provisions of § 3730.

■ Although plaintiff's complaint is vague and conclusory, it does make clear that plaintiff's claim is for the collection of unpaid taxes. The complaint alleges a scheme on the part of the defendants to "divert moneys to avoid the IRS, etc." Complaint at 2. In addition, the "Commissioner of the Internal Revenue" is referred to as a "plaintiff" and is alleged to have been injured by the defendants' acts. Complaint at 7 and 8. Although the specifics of the alleged scheme are not apparent from the complaint, it is evident that plaintiff is seeking to hold the defendants liable for making false claims or statements to the government with respect to income taxes owed. Since the law is clear that such conduct does not violate § 3729, and that § 7401 of the Internal Revenue Code precludes the *qui tam* actions for the recovery of taxes, plaintiff has not stated a cause of action under § 3730.[4]

In her response to defendants' motions, plaintiff appears to argue that, because she is alleging a *conspiracy* to evade income taxes, the provision excluding income tax cases from § 3729 does not apply. Noth-

---

**3.** It bears mentioning that, very early in this litigation, the Court suggested to the plaintiff that she obtain legal counsel in order to comply with the difficult procedural aspects of her case. *See, e.g.,* Memorandum Order of May 18, 1989.

**4.** The government apparently came to the same conclusion when it opted not to assume control of the litigation. In a letter accompanying the notice of its decision, the government stated its belief that the FCA is not meant to apply to income tax cases.

ing in the statute or the case law cited by plaintiff supports her argument.[5]

Plaintiff also argues that the § 3729(e) exclusion is not applicable here because it uses the word "claims," while her complaint is premised on "false claims." This is not a plausible interpretation of the statute. To make sense, § 3729(e) must apply to false claims. Congress clearly did not intend to limit the exclusion to cases where the defendant makes non-false claims. Rather, Congress meant to remove all income tax cases from the scope of § 3729, including this one.

▪ The complaint also purports to state a claim for relief under the "whistleblower" provision of the FCA, § 3730(h), which allows an "employee" to recover damages if her employer retaliates against her for taking steps "in furtherance of an action" under § 3730. Plaintiff claims that she lost commissions because of her refusal to participate in the alleged scheme.

The relief authorized by § 3730(h) is expressly limited to "employees." The complaint does not allege that plaintiff was the employee of any of the defendants. The allegations instead suggest that she was, if anything, an independent contractor or partner of one or more of the defendants. For example, plaintiff alleges that she was the 100% owner of Int'l Trade & Commodities Corp.; that her "business partner" continued to do business after she refused to participate in the scheme; and in ¶ 3 of the complaint, that she was a "sub-contractor."

By definition, independent contractors and partners are not employees. Moreover, the Supreme Court recently stated unequivocally that "when Congress has used the term 'employee' without defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common law agency doctrine." *Community for Creative Non–Violence v. Reid,* —— U.S. ——, 109 S.Ct. 2166, 2172, 104 L.Ed.2d

811 (1989). Since the complaint fails to allege that plaintiff was an employee of any of the defendants, or any facts from which that inference could reasonably be drawn, she has not stated a claim for relief under § 3730(h).

Moreover, the facts alleged in the complaint do not indicate that the loss of commissions was "because of lawful acts done by the employee ... in furtherance of the action," as required by § 3730(h). Plaintiff alleges only that she "refused to go along with the scheme, and ... she was cut out of the on-going coal contracts." Complaint at 2. Thus, plaintiff's alleged loss was the result of her refusal to participate in the alleged scheme, not the result of steps taken in furtherance of the action. For this reason also, plaintiff has failed to state a claim under § 3730(h).

▪ Defendants acknowledge that, although plaintiff's claim for lost commissions is cast as a whistleblower action, it might also be read as attempting to allege a breach of contract action against the defendants. If that is the case, dismissal of the complaint is still warranted because plaintiff has failed to meet the most minimal pleading requirements. One cannot discern from the complaint the parties to the alleged contract, where the contract was made, the substance of the contract, how the contract was breached, or any other details that might put the defendants on notice of the claim against them. Accordingly, the complaint is also dismissed to the extent it attempts to allege a breach of contract claim.

For the above reasons, defendants' motion to dismiss the complaint is granted and judgment shall be entered for the defendants.

SO ORDERED.

▪

---

**5.** The case plaintiff cites as authority for her position, *United States ex rel. Marcus v. Hess,* 41 F.Supp. 197 (W.D.Pa.1941), *rev'd,* 127 F.2d 233 (3d Cir.1942), *rev'd,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943), is inapposite, as it did not

involve income taxes. Moreover, the District Court and Court of Appeals in that case reiterated the rule that income tax cases could not be brought as *qui tam* actions under the False Claims Act.