Anita **SCHULOFF**, Plaintiff,

v.

**QUEENS COLLEGE FOUNDATION, INC.**, Defendant.

Anita **SCHULOFF**, Plaintiff,

v.

**BROOKLYN COLLEGE FOUNDATION, INC.**, Defendant.

Nos. 96–CV–3879 (FB), 96–CV–6310 (FB).

United States District Court, E.D. New York.

March 10, 1998.

Jackson Leeds, Flushing, NY, for plaintiff.

Steven G. Mintz, Mintz & Gold, New York, NY, for defendants.

***MEMORANDUM AND ORDER***

BLOCK, District Judge.

The above-captioned cases both involve the identical legal issue—whether plaintiff Anita Schuloff ("Schuloff") has a private cause of action pursuant to 26 U.S.C. § 6104 based upon the defendants' failure to make their federal tax returns immediately available for her inspection. Defendants Queens College Foundation, Inc. ("Queens College Foundation") and Brooklyn College Foundation, Inc. ("Brooklyn College Foundation") are represented by the same law firm, and both have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, Federal Rule of Civil Procedure 12(b)(6). The pending motions to dismiss are hereby consolidated for disposition. For the reasons set forth below, defendants' motions to dismiss are granted pursuant to Rule 12(b)(6), and the complaints dismissed.

## BACKGROUND

Both cases arise out of a similar set of facts. On July 25, 1996, Schuloff sent a letter to the Queens College Foundation indicating that she intended to come to Queens College the following week to inspect the Queens College Foundation's tax returns. By letter dated July 31, 1996, Executive Director Mario John Delia Pina advised Schuloff that her request to inspect the records should be directed to the appropriate offices of the Internal Revenue Service ("IRS"). Less than one week later, Schuloff commenced the action entitled *Anita Schuloff v. Queens College Foundation, Inc.* (96–CV–3879). The complaint, which, *inter alia,* seeks $55,000 in compensatory and $500,000 in punitive damages, alleges that the Queens College Foundation violated 26 U.S.C. § 6104, which requires certain tax-exempt organizations to make their tax returns available for public inspection. Schuloff also alleges that this conduct gives rise to a claim under 42 U.S.C. § 1983 and the New York Freedom of Information Law, N.Y. Public Officers Law § 84 *et seq.* It is uncontested that on August 19, 1996, attorneys for the Queens College Foundation sent Schuloff's attorney copies of the Form 990s that the Queens College Foundation had filed with the IRS for the preceding five years. However, Schuloff has not discontinued this action and still seeks damages based upon the failure of the Queens College Foundation to make the records available to her immediately.

On November 5, 1996, Schuloff sent a letter to the Brooklyn College Foundation requesting copies of its three most recent tax returns. On December 26, 1996, Schuloff visited the offices of the Brooklyn College Foundation and was not permitted to inspect the tax returns. She commenced the action entitled *Anita Schuloff v. Brooklyn College Foundation, Inc.* (96–CV–6310) later that day. Like her complaint against the Queens College Foundation, her complaint against the Brooklyn College Foundation contains claims based upon 26 U.S.C. § 6104, 42 U.S.C. § 1983, and New York State law. Schuloff seeks, *inter alia,* $10,000 in compensatory damages and $250,000 in punitive damages. It is uncontested that on March 13, 1997, the Brooklyn College Foundation mailed copies of its three most recent tax forms to Schuloff's counsel; however, Schuloff has not discontinued her action against this defendant.

## DISCUSSION

### I. Standard on a Motion to Dismiss

Defendants move to dismiss the complaints pursuant to Rule 12(b)(1) based upon a lack of subject matter jurisdiction, and, alternatively, pursuant to Rule 12(b)(6) based upon Schuloff's alleged failure to state a claim upon which relief can be granted. The Second Circuit has indicated that a case should be dismissed for lack of subject matter jurisdiction "only under narrow circumstances." *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1188 (2d Cir.1996). " '[T]he test is whether the complaint on its face, without resort to extraneous matter, is so plainly insubstantial as to be devoid of any merits and thus not presenting any issue worthy of adjudication.' " *Cushing v. Moore,* 970 F.2d 1103, 1106 (2d Cir.1992) (quoting *Giulini v. Blessing,* 654 F.2d 189, 192 (2d Cir.1981)); *see also Hagans v. Lavine,* 415 U.S. 528, 536–538, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

The Court concludes that the complaints herein are not so "plainly insubstantial" as to warrant their dismissal for lack of subject matter jurisdiction. Both the Supreme Court and the Second Circuit have equated insubstantiality with frivolousness. *See Hagans,* 415 U.S. at 537; *Monsky v. Moraghan,* 127 F.3d 243, 245 (2d Cir.1997) ("A non-frivolous allegation of a cause of action under federal law suffices to invoke federal court jurisdiction."). In an August 5, 1997 order denying a motion by the Queens College Foundation for Rule 11 sanctions against Schuloff, the Court determined that Schuloff's § 6104 claim is not frivolous, as the Second Circuit has not yet addressed whether a private citizen has standing to commence an action pursuant to that statute. Accordingly, the Court determines that it possesses subject matter jurisdiction over these cases, and will therefore proceed based

upon defendants' alternative argument that the complaints should be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim for which relief can be granted.

A complaint will be dismissed pursuant to Rule 12(b)(6) "only if it appears that [the plaintiff] can prove no set of facts, consistent with its complaint, that would entitle it to relief." *Electronics Communications Corp. v. Toshiba America Consumer Products, Inc.*, 129 F.3d 240, 242–243 (2d Cir.1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "[I]n ruling on defendant's motion, the court must accept as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College*, 128 F.3d 59, 63 (2d Cir.1997).

## II. 26 U.S.C. § 6104

Section 6104 provides, in pertinent part, that for a three-year period following the filing date for their annual tax returns, certain tax-exempt organizations must make the returns available "for inspection during regular business hours by any individual at the principal office of such organization ..." and must provide copies of such returns without charge. 26 U.S.C. § 6104(e)(1)(A)(i), (ii). It is undisputed that both defendants failed to make their tax returns immediately available to Schuloff, as required by § 6104. However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). In *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court set forth the following four factors that should be considered in determining whether to imply a private right of action: (1) whether the plaintiff is part of the class for whose benefit the statute was enacted; (2) whether there is any indication of legislative intent, either explicit or implicit, that would either favor or oppose

creation of a private remedy; (3) whether implication of a private remedy is consistent with the underlying purposes of the statute; and (4) whether the cause of action is one traditionally relegated to state law, such that it would be inappropriate to infer the existence of a federal cause of action.

Subsequent to its decision in *Cort v. Ash*, the Supreme Court held that the four factors described in *Cort v. Ash*, although all relevant, were not entitled to equal weight. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). Rather, "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Id.; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 377, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982) ("Our cases subsequent to *Cort v. Ash* have plainly stated that our focus must be on the intent of Congress") (internal quotation omitted); *Feins v. American Stock Exchange, Inc.*, 81 F.3d 1215, 1220 (2d Cir. 1996); *Asch v. Philips, Appel & Walden, Inc.*, 867 F.2d 776, 777 (2d Cir.1989). The factors relevant to determining the intent of Congress when a statute fails to provide for a private right of action are " 'the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies.' " *Feins*, 81 F.3d at 1220 (quoting, *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 91, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981)); *see also Baba v. Japan Travel Bureau Intl.*, 111 F.3d 2, 6 (2d Cir. 1997).

■ The Court will first undertake the "central inquiry" into Congress' intent. Section 6104(e) was enacted as part of the Omnibus Budget Reconciliation Act of 1987, Pub.L. 100–203. There is no indication in either the language of the statute or the legislative history that the bill drafters intended to create a private remedy for violation of the statute. Indeed, the House Report accompanying the legislation specifically provided for a relatively nominal penalty of $10 per day, and a maximum penalty of

$5,000, for violations of the statute. H.R.Conf.Rep. No. 100–495, *reprinted in* 1987 U.S.Code Cong. & Admin.News at 2313–1762. This penalty provision is codified at 26 U.S.C. § 6652(c)(1)(C).[1] The Code additionally provides for a $5,000 penalty for willful violations of § 6104(e). 26 U.S.C. § 6684. The fact that the Code already contains penalty provisions undermines Schuloff's position that a private right of action also exists since, as the Supreme Court has noted, " 'it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be. chary of reading others into it.' " *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 488, 116 S.Ct. 1251, 1256, 134 L.Ed.2d 121 (1996) (quoting *Middlesex County Sewerage Auth. v. National Sea Clammers Assn.*, 453 U.S. 1, 14–15, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981)) (other internal quotations omitted).

The structure of the Code as a whole also argues against creation of a private right of action. First, because the IRS itself is required to make the annual returns at issue here available for public inspection, *see* 26 U.S.C. § 6104(b), litigants have means other than private lawsuits for obtaining access to such materials. Second, 26 U.S.C. § 7401 provides that "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary [of the Treasury] authorizes or sanctions the proceedings and the Attorney General or [her] delegate directs that the action be commenced." Courts have held that § 7401 precludes the filing of private lawsuits against third parties based upon their alleged violations of the Code. *See Hardin v. DuPont Scandinavia (ARA–JET)*, 731 F.Supp. 1202, 1204 (S.D.N.Y.1990); *United States ex rel. U.S.–Namibia (Southwest Africa) Trade & Cultural Council v.*

*The Africa Fund,* 588 F.Supp. 1350, 1351 (S.D.N.Y.1984). The Court agrees. Implying an unrestricted private cause of action under § 6104 would be wholly inconsistent with the enforcement mechanism set forth in § 7401, which invests the executive branch with broad discretion to determine which civil actions should proceed. The Supreme Court has made it clear that when a statute already contains enforcement mechanisms for remedying violations, " 'it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens suing under' the statute." *Meghrig,* 516 U.S. at 488, 116 S.Ct. at 1256 (quoting *Middlesex County Sewerage Auth.,* 453 U.S. at 14). Indeed, " 'the presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.' " *Feins,* 81 F.3d at 1221 (quoting *Northwest Airlines,* 451 U.S. at 97).

The remaining *Cort v. Ash* factors similarly fail to support the creation of a private remedy. In respect to the first factor, Schuloff is not a member of a class for whose special benefit the statute was enacted. *Cort,* 422 U.S. at 78. The Supreme Court "has been especially reluctant to imply causes of actions under statutes that create duties on the part of persons for the benefit of the public at large." *Cannon,* 441 U.S. at 693 n. 13. In respect to the third factor, and as set forth more fully above, a private right of action would be inconsistent with the enforcement mechanism contained in the Code.[2] Accordingly, the Court concludes that the language and legislative history of § 6104 and the structure of the Code as a whole compel a determination that there is no private right of action under § 6104. Defendants' motions to dismiss Schuloff's claims under § 6104 are therefore granted.[3]

---

**1.** In 1996, the statute was amended to increase the penalty to $20 per day, with a maximum penalty of $10,000. Pub.L. 104–88, § 1704(s)(1).

**2.** The fourth *Cort* factor—whether recognition of a private remedy would infringe upon state law—is not implicated in this case, since administration of federal tax laws is quintessentially a federal matter. In any event, since the statutory language and legislative history do not support

the creation of a private right of action, the Court need not undertake the academic exercise of determining whether a private right of action would infringe upon state law.

**3.** The Court notes that by order dated February 25, 1997, the Honorable Kimba M. Wood, Federal District Judge in the Southern District of New York, dismissed a virtually identical action entitled *Anita Schuloff v. Center for Constitutional*

### III. 42 U.S.C. § 1983

The elements of a claim under § 1983 are: (1) that the conduct in question deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Because "[s]ection 1983 is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred[,]' ... [t]he first step in any such claim is to identify the specific ... right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)); *see also Graham v. Connor*, 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). As the Court has already determined that § 6104 does not create a private right of action, Schuloff cannot look to § 1983 to enforce the provisions of § 6104. *See Montauk–Caribbean Airways, Inc. v. Hope*, 784 F.2d 91, 97–98 (2d Cir.1986) (holding that comprehensive enforcement scheme set forth in Federal Aviation Act precludes both private right of action in favor of public at large and action under § 1983 to enforce statutory provisions). Schuloff's claims under 42 U.S.C. § 1983 are therefore dismissed.

### CONCLUSION

For the foregoing reasons, Schuloff's claims under 26 U.S.C. § 6104 and 42 U.S.C. § 1983 are dismissed. Since federal jurisdiction over these cases rested entirely upon these statutory provisions, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) (district courts may decline supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction"); *see Choe v. Fordham Univ. School of Law*, 81 F.3d 319 (2d Cir.1996). Accordingly, the Court dismisses the complaints in the above-captioned actions in their entirety.

**SO ORDERED.**

---

*Rights* (96–CV–6667 (KMW)). Judge Wood also concluded that 26 U.S.C. § 6104 does not provide for a private right of action. Although Schuloff appealed Judge Wood's decision to the Second Circuit, the appeal was dismissed without decision on January 29, 1998.