Anita SCHULOFF, Plaintiff–Appellant,

v.

QUEENS COLLEGE FOUNDATION, INC., Defendant–Appellee.

Anita Schuloff, Plaintiff–Appellant,

v.

Brooklyn College Foundation, Inc., Defendant–Appellee.

Docket Nos. 98–7465(L), 98–7466.

United States Court of Appeals, Second Circuit.

Argued Dec. 16, 1998.

Decided Jan. 25, 1999.

Jackson Leeds, Flushing, NY, for Plaintiff–Appellant.

Steven G. Mintz, New York, NY (Mintz & Gold, New York, NY), for Defendants–Appellees.

Before: LEVAL and CALABRESI, Circuit Judges, and POLLACK, District Judge.[1]

PER CURIAM:

This suit raises the question whether the obligations imposed by 26 U.S.C. § 6104 on tax-exempt organizations to make their tax returns available for inspection by members of the public may be enforced by a private civil action. The district court ruled that they may not. We agree and therefore affirm the dismissal of the action.

Plaintiff Anita Schuloff wrote to the defendants Brooklyn College Foundation ("BCF") and Queens College Foundation ("QCF") indicating that she intended to visit their premises so that she could inspect their tax returns. Each of the defendants rebuffed her request. Plaintiff then brought suit against each in federal district court, seeking an injunction, declaratory relief, and damages.[2]

Defendants moved to dismiss Schuloff's complaint under Fed.R.Civ.P. 12(b)(6). Applying the test elaborated by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and subsequent cases, the district court granted the motions, holding that Congress intended 26 U.S.C. § 6104 to be enforced exclusively by the Commissioner of Internal Revenue, and that the statute does not afford a private cause of action. *Schuloff v. Queens College Foundation, Inc.*, 994 F.Supp. 425, 427–28 (E.D.N.Y. 1998). The court further held that since "[s]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred," *Albright v. Oliver*, 510 U.S. 266,

271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (internal quotation marks omitted), and since § 6104 confers no such rights on private plaintiffs, Schuloff cannot rely on § 1983 to enforce the provisions of § 6104. *Schuloff*, 994 F.Supp. at 429. Finally, the court declined to exercise supplemental jurisdiction over Schuloff's state law claims.

Having considered Schuloff's claims on appeal, we affirm the judgment for the reasons stated by the district court in its thoughtful opinion. *Id.* at 425. We thus hold that the obligations of § 6104 may not be enforced through a private civil suit under either § 6104 or § 1983.

The judgment is AFFIRMED. Costs will not be assessed.

---

1. The Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

2. Each of the defendants eventually reconsidered its position and sent plaintiff the returns.