**ED TAYLOR CONSTRUCTION CO., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Elizabeth Dole, Secretary of Labor, Respondents.**

No. 90–8383.

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 1991.

land, sitting by designation.

Michael C. Murphy, Dan R. Gresham, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for petitioner.

Bobbye D. Spears, Regional Sol., Office of the Sol., U.S. Dept. of Justice, Atlanta, Ga., Curtis L. Gay, Bruce Justh, Ann Rosenthal, Counsel for Regional Trial Litigation, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondents.

ON PETITION FOR REHEARING

Before ANDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

On petition for rehearing, the Court WITHDRAWS the opinion published in this case on May 22, 1991, and the following opinion and judgment is issued in lieu thereof.

This is an appeal by Ed Taylor Construction Co. ("Taylor") from the order of an administrative law judge affirming a citation for three violations of the Occupational Safety and Health Act (or the "Act") and the regulations promulgated thereunder. We affirm in part and vacate in part.

## I. STATEMENT OF THE CASE

On September 12, 1988, the Occupational Safety and Health Administration (or "OSHA") issued a citation to Taylor alleging violations of: (1) 29 C.F.R. § 1926.20(b)(1) (failing to provide for frequent and regular inspections of jobsites by a competent person); (2) 29 C.F.R. § 1926.21(b)(6)(i) (failing to instruct employees on the hazards, precautions, and equipment associated with work in confined spaces); and (3) 29 U.S.C. § 654(a)(1) (failing to provide a place of employment free of recognized hazards likely to cause death or serious physical harm).

Taylor filed a timely notice contesting all of the alleged violations, and the Secretary of Labor filed a complaint to enforce the citation. An administrative law judge ("ALJ") conducted a hearing on the matter. He affirmed the citation and assessed a total penalty of $700. The ALJ's decision and order were docketed with the Commission on February 5, 1990.

On February 21, 1990, Taylor filed a timely petition for review with the three-member Occupational Safety and Health Review Commission ("Review Commission"). The Review Commission took no action on the petition during the thirty days that followed. Under 29 U.S.C. § 661(j), "[t]he report of the administrative law judge shall become the final order of the Commission within thirty days after such report ..., unless within such period any Commission member has directed that such report shall be reviewed by the Commission." Taylor then appealed the decision of the ALJ to this court pursuant to 29 U.S.C. § 660(a).

Shortly after Taylor filed its initial brief, it discovered that all three seats on the Review Commission were vacant through-

out the thirty-day period during which its petition was pending.

## II. STATEMENT OF THE FACTS

Taylor is a general contractor in the commercial construction industry, employing between 300 and 350 people. While Taylor works primarily in the building of commercial structures, it won a "hardscape" contract to do the aesthetic landscaping and concrete work on the grounds of the Central Park office complex in Atlanta, Georgia. The building had been constructed under the supervision of another general contractor.

The "hardscape" project included the construction of a man-made pond in front of the building. The pond was lined with cement and had an opening at the bottom so that the pond could be emptied for cleaning and repairs. The drain could be opened or closed by a cutoff valve that was located at the bottom of a manhole. The manhole shaft was four feet in diameter and twenty-four feet deep. It was lined with concrete and had rungs on the side to permit a person to climb down the shaft and turn the cutoff valve. The sole purpose of the manhole was to give access to the cutoff valve, and the shaft was not connected to any sewer or utility.[1] The opening to the manhole was two feet in diameter and was covered with a round metal plate.

A drought in the Atlanta area prevented Taylor from filling the pond when it was completed, but water restrictions were lifted several months later. On August 19, 1988, three regular employees of Taylor, John Garren ("Garren"), Gene Geeslin ("Geeslin"), and Charles Bohler ("Bohler"), and two casual day laborers went out to the site to clean the rubbish from the lakebed, close the cutoff valve, and fill the pond. All three of the regular Taylor employees were experienced in the commercial construction industry and were familiar with basic OSHA regulations.

While nobody witnessed the deaths, the parties agree generally that the Taylor em-

ployees removed the cover from the manhole, and Geeslin entered the shaft. When Garren and Bohler noticed that he was having problems, they followed.. All three men subsequently died of asphyxia due to a lack of oxygen.

At the hearing, several witnesses with extensive experience in the construction industry testified that contractors in the Atlanta area did not recognize a dry shaft as a hazard prior to the accident in this case. They testified that so-called "sanitary manholes" (i.e. those connected to a sewer or other utility) were hazardous because they were subject to a build up of methane gas. They uniformly, however, believed that a dry shaft lined with concrete was safe.

It was uncontested that nobody had inspected the manhole prior to the accident to determine whether it lacked oxygen. Likewise, Taylor did not dispute the evidence that it had failed to instruct its employees in the hazards associated with confined spaces or that it failed to provide personal protective equipment for working in confined spaces.

## III. DISCUSSION

On appeal, Taylor challenges both the procedures used by the Review Commission in this case and the merits of its findings. Taylor argues that the absence of all members from the Review Commission created two procedural problems: (1) it prevented the ALJ's decision from becoming a final appealable order and thus deprived this court of its jurisdiction over the matter, and (2) it deprived Taylor of procedural rights guaranteed under the Occupational Safety and Health Act. On the merits, Taylor challenges all three citations. Since we agree with Taylor that procedural defects require us to vacate the citation for failure to inspect, 29 C.F.R. § 1926.20(b)(1), we address only two issues on the merits: (1) whether the manhole in question was a "confined space" pursuant to 29 C.F.R. § 1926.21(b)(6)(i) and (2) whether the man-

**1.** Witnesses at the hearing before the ALJ testified that this type of manhole was referred to as a "dry shaft" in the construction industry.

hole was a "recognized hazard" under 29 U.S.C. § 654(a)(1).

### 1. Procedure

#### a. *Jurisdiction*

■ Taylor argues that the order of the ALJ is not final and appealable because the Review Commission had no members during the thirty days that Taylor's petition was pending before it. Essentially, Taylor contends that the Act requires a three-member board at least to *consider* any petition for review by an employer before an ALJ order can become the final order of the Review Commission under 29 U.S.C. § 661(j). Taylor admits that the Act does not require the board to actually review the decision of an ALJ; the decision to grant a petition for review is within the discretion of the Review Commission. But Taylor claims that "the statute and regulations presuppose that the Commissioners will give at least some degree of consideration to a petition for review in deciding whether to exercise their authority to direct review before the full commission." In the absence of any actual consideration by a member of the Review Commission, Taylor contends, an order of the ALJ lacks finality.

We disagree. The Occupational Safety and Health Act is quite explicit about when an order of the ALJ becomes final. The Act provides that "[t]he report of the administrative law judge shall become the final order of the Commission within thirty days after such report by the administrative law judge, unless within such period any Commission member has directed that such report shall be reviewed by the Commission." 29 U.S.C. § 661(j). The order automatically becomes final in the absence of any action by the Commission, and neither the statute nor the regulations suggests any exception.

As the Seventh Circuit observed in *McLaughlin v. Union Oil Co. of Cal.*, 869 F.2d 1039, 1042 (7th Cir.1989) (emphasis in the original):

> There is nothing in the statute concerning the *reasons* no member might direct review in a case. One reason might be ... the absence of a quorum; even more dramatic would be a case where, because the Commission had no members, no member *could* direct review. It might be a scandal for the President or the Senate to prevent an important federal commission from operating by failing to fill vacancies in it ..., but it would not follow that decisions by the commission's staff were unappealable.

We agree with the reasoning of the *McLaughlin* court. The finality of an ALJ's order is not affected by the reason, or lack of reasons, for the Review Commission's refusal to grant a petition for review. Thus, this court does have jurisdiction to review the order of the ALJ.

#### b. *Procedural Fairness.*

Our decision that the order of the ALJ is final and appealable, however, does not dispose of Taylor's related, but distinct, procedural fairness objection. According to Taylor, the Occupational Safety and Health Act established a procedural system that guarantees an employer the right to have a three-member Review Commission consider a petition for review. Again, Taylor admits that the Act grants no right to an actual review but contends that the Act presupposes a right to have the board members consider all petitions. Since there were no members on the Review Commission during the thirty-day period that Taylor's petition was before the board, Taylor contends that the Commission violated its procedural rights.

■ We agree that the Review Commission did deny to Taylor its procedural rights under the Act. While the Act specifically provides that actual "[r]eview by the Commission is not a right," 29 C.F.R. § 2200.91(a), the plain language of both the Act and the regulations indicate that an employer's petition is at least entitled to consideration for review. *See* 29 C.F.R. § 2200.91(b) ("A party adversely affected or aggrieved by the decision of the Judge may seek review by the Commission by filing a petition for discretionary review.... The earlier a petition is filed, the more *consideration* it can be given.") (em-

phasis added); 29 C.F.R. § 2200.91(d) (listing the factors likely to persuade the Review Commission to direct review); 29 C.F.R. §§ 2204.301–2204.311 (entitled "Procedures for *Considering* Applications") (emphasis added). *See also, McLaughlin v. Union Oil Co. of Cal.*, 869 F.2d 1039, 1042 (7th Cir.1989) (In rejecting the appellant's argument that two vacancies on the three-member Review Commission deprived an ALJ order of its finality under 29 U.S.C. § 661(j), the court stated that "the company could, but it does not, cite the violation of its rights as a ground for our setting aside the administrative law judge's order, which became the Commission's order by operation of the statute. The denial of procedural rights could be a reason the order might be invalid, but it does not deprive the order of its finality and hence appealability."). It would make no sense for Congress to provide for such an intermediate level of appellate review only to let that Review Commission abdicate completely its reviewing function.

■ Binding former Fifth Circuit precedent compels us to vacate an order and remand it to the Review Commission when that body has violated the procedural rights of a party. *Shaw Const., Inc. v. Occupational Safety & Health Review Comm'n*, 534 F.2d 1183 (5th Cir.1976). We find it unnecessary, however, to vacate and remand each of the citations to the Review Commission for consideration. It is necessary to vacate and remand only if a party has suffered actual prejudice from the procedural error. Despite Taylor's arguments to the contrary, we believe that Taylor suffered actual prejudice only as to the jobsite inspection citation, 29 C.F.R. § 1926.20(b)(1).

Taylor contends that the failure of the Review Commission to consider its petition subjected it to actual prejudice by depriving it of review under a more favorable standard. Taylor correctly observes that when a petition is before the Review Commission, "the burden of proof [is] on the Secretary to demonstrate the violation by a preponderance of the evidence," *Olin Const. Co. v. Occupational Safety & Health Review Comm'n*, 525 F.2d 464, 466 (2d Cir.1975) (per curiam). The court of appeals, however, must simply determine whether the Commission's order is supported by substantial evidence.

■ As a general matter, we agree with Taylor's contention that a party suffers actual prejudice if it is denied consideration for review under a more favorable standard. While it is impossible to know whether the Review Commission would have reviewed a particular case had there been members on the panel, we find it is sufficient that the lack of members denied a party an opportunity for review.[2]

■ More particularly, we find that Taylor suffered actual prejudice when the Review Commission failed to consider its petition for review of the finding that it violated 29 C.F.R. § 1926.20(b)(1), providing for inspection of jobsites by a competent person.[3] The ALJ found that while Taylor provided for regular inspections of the Central Park site, the persons conducting the

---

**2.** Taylor also argues that it suffered actual prejudice by losing the benefit of the Review Commission's unique expertise in matters of occupational safety. While we recognize that the Review Commission is well qualified to evaluate occupational safety matters, we reject Taylor's argument. We presume that all of the adjudicatory bodies within the framework of the Act are qualified to make determinations about occupational safety. While losing an intermediate level of appellate review might cause actual prejudice, losing the additional expertise of one particular body is not sufficient to cause a procedural defect.

**3.** 29 C.F.R. § 1926.20. General safety and health provisions.

(a) *Contractor requirements.* (1) [N]o contractor or subcontractor ... shall require any laborer ... to work in surroundings or under working conditions which are unsanitary, hazardous, or dangerous to his health or safety.

(b) *Accident prevention responsibilities.* (1) It shall be the responsibility of the employer to initiate and maintain such programs as may be necessary to comply with this part.

(2) Such programs shall provide for frequent and regular inspections of the job sites, materials, and equipment to be made by competent persons designated by the employers.

inspections were not "competent." Since we find that the final outcome on this issue could have been different had the Review Commission actually considered Taylor's petition under its more lenient standards of review, we must vacate the finding.

The regulations define a "competent person" as "one who is capable of identifying existing and predictable hazards in the surroundings or working conditions which are unsanitary, hazardous, or dangerous to employees, and who has authorization to take prompt corrective measures to eliminate them." 29 C.F.R. § 1926.50(f). At the hearing, OSHA presented uncontested testimony that none of the inspections identified the manhole in question as a potential hazard. That, however, was the only evidence that inspectors were incompetent. There was some evidence that the inspectors were well trained and fully capable.

While the Secretary certainly presented sufficient evidence to permit the Review Commission to find that the inspectors were not "competent" within the meaning of the regulations, we could not so find as a matter of law. If the Review Commission had granted Taylor's petition and reversed the ALJ on this matter, we would have affirmed that decision. Thus, there is a possibility that the outcome of this issue would have been different had the Review Commission taken up the matter. As a result, Taylor was deprived of the opportunity to plead its case before the Review Commission, and it suffered prejudice. We must vacate and remand this citation to the Review Commission for actual consideration by the panel.

■ Under the particular facts in this case, however, Taylor suffered no prejudice in being deprived of the opportunity for administrative review of the other two citations. These citations raised only two issued for review: (1) whether a manhole twenty-four feet deep, four feet in diameter, and open on top was a "confined space" under 29 C.F.R. § 1926.21(b)(6)(i) and (2) whether such a manhole was a "recognized hazard" under 29 U.S.C. § 654(a). Both of these issues are purely questions of law, and, as we shall explain

below, easily resolvable in favor of the Secretary. Thus, even in the unlikely event that the Review Commission granted Taylor's petition and held in its favor, this court would be compelled to reverse and find for the Secretary. The actions of the Review Commission would not have affected the ultimate outcome of this these issues. Consequently, Taylor suffered no actual prejudice with regard to these issues, and we find it unnecessary to remand these citations to the Commission for review.

### 2. Merits

Since we cannot void the "confined space" and "recognized hazard" violations on procedural grounds, we turn formally to the merits.

#### a. *Confined Space.*

■ The Occupational Safety and Health Administration cited Taylor for the violation of 29 C.F.R. § 1926.21(b)(6)(i). That regulation provides:

All employees required to enter into confined or enclosed spaces shall be instructed as to the nature of the hazards involved, the necessary precautions to be taken, and in the use of protective and emergency equipment required. The employer shall comply with any specific regulations that apply to work in dangerous or potentially dangerous areas.

The following subsection defines the term "confined or enclosed spaces":

For the purposes of paragraph (b)(6)(i) of this section, "confined or enclosed space" means any space having a limited means of egress, which is subject to the accumulation of toxic or flammable contaminants or has an oxygen deficient atmosphere. Confined or enclosed spaces include, but are not limited to, storage tanks, process vessels, bins, boilers, ventilation or exhaust ducts, sewers, underground utility vaults, tunnels, pipelines, and *open top spaces more than 4 feet in depth*, such as pits, tubs, vaults, and vessels.

29 C.F.R. § 1926.21(b)(6)(ii) (emphasis added).

Taylor admits that its employees were required to enter the manhole in question and that this manhole was an open top space twenty-four feet in depth. Incredibly, however, Taylor claims that it did not violate 29 C.F.R. § 1926.21(b)(6)(i). According to Taylor, the manhole was not a "confined space" because experienced contractors in the Atlanta area did not recognize such a manhole as a space subject to the accumulation of toxic contaminants or having an oxygen deficient atmosphere.

We disagree with Taylor's interpretation of 29 C.F.R. § 1926.21(b)(6). The plain language of the regulation is unambiguous. Confined spaces "include ... open top spaces more than four feet in depth...." The regulation clearly warns that these spaces are "subject to the accumulation of toxic or flammable contaminants or [may have] an oxygen deficient atmosphere." Under the regulation, it is irrelevant that anyone in the industry may have believed otherwise. Thus, we agree with the ALJ that Taylor violated 29 C.F.R. § 1926.21(b)(6)(i).

b. *Recognized Hazard.*

■ OSHA also cited Taylor for the violation of 29 U.S.C. § 654(a)(1). This section provides:

Each employer—

(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees.

It is Taylor's contention that it did not violate this section because there was no testimony that anyone in the industry recognized a dry manhole as a hazard. This position, however, is simply untenable in light of 29 C.F.R. § 1926.21(b)(6)(i). The "confined space" regulation clearly alerts employers that such manholes are subject to the accumulation of toxic gasses or oxygen deficient atmospheres.

Once again, it is irrelevant that some contractors in the Atlanta area had no subjective knowledge that a dry manhole could be dangerous. Under binding former Fifth Circuit precedent, a "recognized hazard" "may ... be shown by proving that the condition is generally known to be hazardous in the industry. Thus, whether or not a hazard is 'recognized' is a matter of objective determination." *Georgia Elec. Co. v. Marshall*, 595 F.2d 309, 321 (5th Cir.1979) (citations omitted) (quoting *Georgia Elec. Co.*, 5 O.S.H.Cas. (BNA) 1112, 1115–1116 (Rev.Comm'n 1977)).

■ We hold as a matter of law that the OSHA "confined space" regulation has put the construction industry on notice that any manhole, "sanitary" or "dry," that is twenty-four feet in depth and four feet in diameter is a potential hazard. Whether or not employers are in fact aware of each OSHA regulation and fully understand it, they are charged with this knowledge and are responsible for compliance. *North Ala. Express, Inc. v. United States*, 585 F.2d 783, 787 n. 2 (5th Cir.1978) ("Assuming that the contents of the published notice are otherwise complete, it is well settled that publications in the Federal Register are deemed legally sufficient notice to all interested persons."). *See*, 44 U.S.C. § 1507. It is no defense that they did not understand the reasonable interpretation of a regulation. Thus, manholes, sanitary or dry, were "recognized" in the construction industry as potentially hazardous. Since Taylor failed to make its workplace free from such a recognized hazard, we find that Taylor did violate the general duty clause of 29 U.S.C. § 654(a).

3. Conclusion

For the forgoing reasons we VACATE that part of the Commission's order finding Taylor in violation of 29 C.F.R. § 1926.20(b)(1) and REMAND it to the Commission for consideration consistent with this opinion. We AFFIRM those parts of the order finding Taylor in violation of 29 C.F.R. 1926.21(b)(6)(i) and 29 U.S.C. § 654.