David SHAPIRO

v.

Alan J. SUTHERLAND, Lauren Wiler Sutherland, Ecotech Enterprises, Inc., and Accredited Environmental Technologies, Inc.

Civ. A. No. 93–2249.

United States District Court, E.D. Pennsylvania.

Oct. 27, 1993.

Joel D. Rosen, Princeton, NJ, for plaintiff.

A. Christopher Young, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, PA, for defendants.

*MEMORANDUM*

GILES, District Judge.

David Shapiro ("Shapiro") alleges that defendants wrongfully terminated his employment in violation of the "whistleblower" protection provisions of the False Claims Act, 31 U.S.C. §§ 3729–3731. Defendants have moved for summary judgment. For the reasons stated below, defendants' motion is denied.

*I. FACTUAL AND PROCEDURAL BACKGROUND*

Shapiro was a shareholder, officer and director of a corporation known as Action Environmental and Home Inspection Services, Inc. ("Action"). On August 10, 1992, Ecotech Enterprises, Inc. ("Ecotech"), purchased the assets of Action. Shapiro alleges that he became an employee of Ecotech when he and Ecotech entered into a "Consulting/Non-compete Agreement" ("Agreement") which assigned him marketing and management responsibility.

Shapiro alleges that Ecotech purchased Action in order to obtain the operating facilities necessary to qualify as a Women's Business Enterprise ("WBE"). He alleges that, prior to Ecotech's purchase of Action, Ecotech was operating fraudulently as a WBE. He further alleges that Accredited Environmental Technologies, Inc. ("AET") participated in the fraud by performing the contracts Ecotech obtained and by accepting the other benefits Ecotech obtained as a WBE. Finally, Shapiro alleges that the presidents of

AET and Ecotech, Alan Sutherland ("Sutherland") and his wife Lauren Wiler Sutherland ("Wiler"), participated in the fraud.

Two weeks after Ecotech purchased Action, Ecotech's president ordered Shapiro to discharge office staff, lab technicians and field personnel. Thereafter, Shapiro allegedly warned Ecotech's president orally and in writing that any attempt to operate Ecotech as a WBE without the required operating facilities would be unlawful and would result in False Claims being presented for payment to the United States government.

On November 4, 1992, Ecotech terminated its relationship with Shapiro. Shapiro alleges that his employment was terminated because he threatened to expose possible violations of the False Claims Act (the "Act"), 31 U.S.C. §§ 3729–31. Defendants have moved for summary judgment arguing that Shapiro is not entitled to relief under 31 U.S.C. § 3730(h) because Shapiro was not an "employee" of any of the defendants as is required by the Act.[1]

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is to be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Furthermore, the moving party has the burden to provide evidence which responds to the central allegations of the non-moving party's complaint. *Fitzke v. Shappell*, 468 F.2d 1072 (6th Cir.1972). If the moving party meets his burden, the adverse party may not rest on the pleadings but must set forth specific facts demonstrating that there is a genuine issue for trial. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

## III. · DISCUSSION

All defendants have moved for summary judgment, arguing that Shapiro was not their "employee" and thus does not have standing to sue under the Act.[2]

### A. ECOTECH

■ Relief under 31 U.S.C. § 3730(h) is limited to employees by the plain language of the statute.[3] However, the term "employee" is not defined helpfully anywhere within the Act. Consequently, the court must apply the common-law agency test to determine if Shapiro was an employee. *Nationwide Mutual Insurance Co. v. Darden,* — U.S. —, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (common-law agency test used if term employee not defined specifically); *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) (same); *see also Hardin v. DuPont Scandinavia,* 731 F.Supp. 1202, 1205 (S.D.N.Y.1990) (applying common-law agency test to § 3730 claim).

■ In *Darden*, the United States Supreme Court summarized relevant factors for distinguishing between an employee and an independent contractor.

> In determining whether a hired party is an employee under the general common-law

---

1. Defendants also argue that Shapiro fails to state a cause of action upon which relief can be granted because he does not allege specific conduct taken "in furtherance of an action under" the False Claims Act. To the contrary, paragraph 15 of the amended complaint states that plaintiff "conducted investigations" of defendants fraud and threatened to report the fraud "to federal ... authorities for enforcement action." Furthermore, an employee is not required to initiate a qui tam action before receiving protection under the Act. The Act specifically protects "investigative" activity. *See* 31 U.S.C. § 3730(h).

2. In addition, defendants claim that the complaint fails to state a claim for which relief can be granted because it does not allege that Shapiro was defendants' employee. However, the Federal Rules of Civil Procedure only require that a party be put on notice of the claim asserted. Defendants were placed on notice by paragraph 1 of the amended complaint, which states: "This is an employee's action under the False Claims Act."

3. 31 U.S.C. § 3730(h) states in relevant part:

   Any employee who is discharged ... by his or her employer because of lawful acts done by the employee ... in furtherance of an action under this section [of the False Claims Act] shall be entitled to all relief necessary to make the employee whole.

of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. —— U.S. at —— – ——, 112 S.Ct. at 1348–49 (quoting *Reid*, 490 U.S. at 751–52, 109 S.Ct. at 2178–79). Considering the factors outlined by the Supreme Court and the evidence submitted to this court, we cannot conclude that Shapiro was not an employee of Ecotech as a matter of law.

Some factors do support the contention that Shapiro was an employee of Ecotech. The Agreement states that the "Company [Ecotech] shall employ Consultant [Shapiro] and Consultant shall accept such employment." Agreement ¶ 1(b). Ecotech paid Shapiro a bi-weekly salary plus commission, Shapiro had no authority to hire or pay assistants, and each new client accepted by Shapiro was subject to Ecotech's approval. Agreement ¶¶ 4(a), 4(b), 5. Partially, Ecotech controlled the manner and means of Shapiro's work by requiring that all advertising materials be approved by Ecotech before use and by requiring Shapiro to use forms and quote prices and terms approved by Ecotech. Agreement ¶¶ 12(d) & (c).

Other factors weigh against employee status. The Agreement specifically states "Consultant [Shapiro] shall not be an employee of Company [Ecotech]." Agreement ¶ 1(c). Read as a whole, the Agreement seems to have provided Shapiro with the freedom to structure his own day-to-day activities and to choose which prospective clients to target. Finally, it appears that the marketing, sales and management duties performed by Shapiro required specialized skill.

Differing conclusions may be drawn regarding some of the factors. Although Ecotech provided Shapiro with the benefit of an automobile expense allowance, there is no indication that Ecotech provided Shapiro with health, pension or other benefits. Agreement ¶ 9(a). Although the location of Shapiro's work was not mandated by the Agreement, Shapiro was required to report to the "main office" whenever Ecotech requested. Agreement ¶ 12(e). Shapiro was required to work "full time" and keep detailed time records subject to company inspection. However, specific working hours were not mandated. Agreement ¶ 14.

In addition, there are other factors as to which the parties have introduced no relevant evidence. No evidence was presented regarding the tax treatment of Shapiro, whether Ecotech could or did assign additional duties to Shapiro or whether the duties performed by Shapiro were part of the "regular business" of Ecotech.

Because the evidence is conflicting or ambiguous, and differing inferences may reasonably be drawn regarding the evidence, the court concludes that there is a genuine issue of fact as to whether Shapiro was an employee of Ecotech. "Where there is a genuine issue of fact or conflicting inferences can be drawn from the undisputed facts ... the question is to be resolved by the finder of fact in accordance with the appropriate rules of law." *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n. 1 (6th Cir.1992) (*citing Martin v. United Way*, 829 F.2d 445, 451 (3d Cir.1987), *cert. denied*, —— U.S. ——, 113 S.Ct. 376, 121 L.Ed.2d 287 (1992). Consequently, the court cannot rule as a matter of law that Shapiro was not an employee of Ecotech.

### B. AET, WILER AND SUTHERLAND

■ AET, Wiler and Sutherland (collectively the "Other Defendants") have moved for summary judgment, arguing that Shapiro was not an employee of any of the Other Defendants. However, Shapiro never alleged that he was employed by the Other Defendants. Rather, Shapiro alleged that he was an employee of Ecotech and that the

Other Defendants constituted the alter-ego of Ecotech. Amended Complaint ¶ 10.

The Other Defendants, as the moving parties, had the burden of negating the allegations contained in Shapiro's complaint by affidavit or some other objective evidence. A motion which does not respond to the allegations of the complaint cannot demonstrate the absence of a material fact. *Fitzke v. Shappell,* 468 F.2d 1072 (6th Cir.1972). Because the Other Defendants have failed to respond to plaintiff's alter-ego allegation, a material issue of fact remains concerning the Other Defendants relationship to Ecotech.

An appropriate order follows.

### ORDER

AND NOW, this 27th day of October, 1993, upon consideration of defendants' motion for summary judgement and plaintiff's response thereto, it is hereby ORDERED that the motion is DENIED.