**ODYSSEY CAPITAL GROUP III, L.P., d/b/a Cascades Apartments, Petitioner**

v.

**OCCUPATIONAL SAFETY and Health Review Commission and Secretary of Labor, Respondents**

No. 01–1030.

United States Court of Appeals, District of Columbia Circuit.

Dec. 26, 2001.

Before SENTELLE and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This cause came to be heard on the record from the Occupational Safety and Health Review Commission, and was briefed by the parties. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C.Cir. Rule 36(c). For the reasons stated in the accompanying Memorandum, it is

ORDERED and ADJUDGED by the Court that the petition for review is denied.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.

## MEMORANDUM

Odyssey Capital Group petitions for review of the decision and order by the Occupational Safety and Health Review Commission, 2000 OSHRC No. 42 (Nov. 21, 2000), finding that the company committed ten serious violations of the Asbestos in Construction Standard, 29 C.F.R. § 1926.1101, and imposing a fine of $10,500. The company admits that it allowed its maintenance workers to remove asbestos-containing ceiling plaster in 1998 in a manner not in accordance with the standard. However, observing that Congress provided that an employer cannot be found to have committed a serious violation of the Occupational Safety and Health Act where the employer "did not, and could not with the exercise of reasonable diligence, know of the presence of the violation," 29 U.S.C. § 666(k), the company contends that it did not know of the required sampling methodology for asbestos and was reasonably diligent in relying on two independent, albeit non-compliant, studies indicating that the level of asbestos-containing material at its apartment complex fell below the regulatory threshold. Because the company's challenge to the Commission's authority to define "due diligence" as requiring strict compliance with its regulation is meritless, *see Building & Constr. Trades Dep't. AFL–CIO v.*

*Brock,* 838 F.2d 1258 (D.C.Cir.1988), and there was substantial evidence to support the Commission's decision, *see* 29 C.F.R. § 660(a), we deny the petition. *See S.G. Loewendick & Sons, Inc. v. Reich,* 70 F.3d 1291, 1294 (D.C.Cir.1995).

 Under 29 CFR § 1926.1101, a building owner must identify all installed thermal system insulation and surfacing material found in buildings built before 1980 as presumed asbestos-containing material and treat it as asbestos-containing material. The regulation provides means to rebut the presumption, by following specified testing requirements. *Id.* § 1926.1101(k)(5); *see also* 40 C.F.R. § 763.86. The Commission ruled that an owner who fails to use the specified testing fails to rebut the presumption, distinguishing *Dunlop v. Rockwell Int'l,* 540 F.2d 1283 (6th Cir.1976), because the standard at issue defines what constitutes reasonable diligence. Ignorance of the law is not a defense. *See Burns v. Wash. Metro. Area Transit Auth.,* 114 F.3d 219, 223 (D.C.Cir.1997); *Ed Taylor Constr. Co. v. OSHA,* 938 F.2d 1265, 1272 (11th Cir. 1991). We agree. Because the studies relied upon by the company did not comply with the regulatory requirements, the company did not exercise reasonable diligence.

There was evidence before the Commission that the asbestos standard is well known within the real estate community, particularly among building owners. The evidence further showed that the company president is a real estate investor and lawyer, who has conducted asbestos litigation and who had experience with asbestos at another property. Other evidence showed that the company was aware that testing by its maintenance workers revealed asbestos above the regulatory threshold, as did subsequent testing by a television station and the county department of public health. The evidence also showed that the president recognized "popcorn ceilings," present at the property, as presenting a risk of asbestos.

The company's evidence of due diligence was properly rejected by the Commission, for its reliance on two studies was unreasonable. A 1991 Phase I environmental study was performed for the company to obtain lender approval in purchasing the property. The report warned that its sampling was limited, that small amounts of asbestos can be missed, that further sampling and analysis could clarify the percentage of asbestos, and that extensive testing was required to determine with certainty whether there were adverse conditions. A 1995 Phase I assessment, for purposes of refinancing, involved three samples, and like the 1991 report, contained a warning about its limited testing and use; by its express terms only the lender was to rely on it. There was evidence before the Commission that within the real estate industry there is general knowledge that these Phase I assessments are for the sole purpose of protecting the lender from a superfund action under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607, so that the party can raise an innocent purchaser defense.