

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2007

# Secretary Labor v. Trinity Ind Inc

Precedential or Non-Precedential: Precedential

Docket No. 06-2121

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Secretary Labor v. Trinity Ind Inc" (2007). *2007 Decisions.* Paper 319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2121

SECRETARY OF LABOR,
Petitioner

v.

TRINITY INDUSTRIES, INC., OCCUPATIONAL
SAFETY & HEALTH REVIEW COMMISSION,
Respondents

No. 06-2271

SECRETARY OF LABOR

v.

TRINITY INDUSTRIES, INC.; OCCUPATIONAL
SAFETY & HEALTH REVIEW COMMISSION

Trinity Industries, Inc.,
Petitioner

PETITION FOR REVIEW OF THE FINAL ORDER
OF THE OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION
Docket No. 05-0773

Argued: May 21, 2007

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Opinion Filed:  August 31, 2007 )

Michelle Yau, Esq. (Argued)
Michael P. Doyle, Esq.
United States Department of Labor
Office of the Solicitor
Suite S-4004
200 Constitution Avenue, N.W.
Washington, D.C.   20210

Counsel for Petitioner/Cross Respondents


Robert E. Rader, Jr., Esq. (Argued)
Rader & Campbell
2777 North Stemmons Freeway
Suite 1125, Stemmons Place
Dallas, TX 75207

Counsel for Respondents/Cross Petitioners

OPINION OF THE COURT

BARRY, Circuit Judge

    At issue before the Court is the decision of an

_____

    [*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Administrative Law Judge ("ALJ") constituting a final order of the Occupational Safety and Health Review Commission ("OSHRC" or "Commission"), which upheld two violations of the OSH Act but reclassified them as "non-serious." The Secretary of Labor, in 06-2121, contends that the ALJ erred in this reclassification of the violations. Trinity Industries, in 06-2271, argues that the ALJ erred in affirming the violations at all. For the following reasons, we will grant the petition in 06-2121 and deny the petition in 06-2271.

## I.

This action was tried on stipulated facts before the ALJ. In brief, in 1988, Trinity purchased a foundry, which had been constructed prior to 1981, in McKees Rocks, Pennsylvania. At that time, Trinity had work done on the pusher furnace, which required removing a brick wall and inner insulation blanket. Trinity believed that any asbestos that had been present was removed. Trinity also believed that any new insulation installed at that time would be asbestos-free. Given these beliefs, in 2005, Trinity, in preparing to have work done on the same pusher furnace, did not conduct tests to determine if asbestos was present. It hired a contractor, Pli-Brico, to complete the work on the furnace. After work commenced, a Trinity employee noticed that an insulation blanket which had been placed in a dumpster appeared to contain asbestos. Work stopped and testing revealed that the insulation contained 5% amosite asbestos, which was later confirmed by tests conducted by the Occupational Safety and Health Administration ("OSHA").

OSHA issued a citation to Trinity alleging violations of 29 C.F.R. § 1926.1101(k)(2)(i), for failure to "determine the presence, location, and quantity of asbestos-containing material and/or presumed asbestos-containing material at the work site," and 29 C.F.R. § 1926.1101(k)(2)(ii)(A), for failure to "notify prospective employers bidding for work whose employees reasonably can be expected to be exposed to areas containing asbestos containing material (ACM) or presumed asbestos containing material (PACM)." (A.R. 48–49.) It characterized

3

these violations as "serious."

The ALJ found that the cited asbestos standard, which applies to "[c]onstruction, alteration, repair, maintenance, or renovation of structures, substrates, or portions thereof, that contain asbestos," 29 C.F.R. § 1926.1101(a)(3), applies in this situation. As the stipulated facts established that Trinity did not test for asbestos and did not notify Pli-Brico of its presence, the ALJ ruled that Trinity violated both sections of the regulation for which it was cited. The ALJ, however, reclassified the violations as "other" or "non-serious," because, according to the ALJ, the violations could not be deemed "serious" pursuant to 29 U.S.C. § 666(k) as the Secretary had not met her burden of showing "any significant exposure to asbestos." (A.R. 20.) The ALJ vacated the proposed $2000 penalty.

Both parties appealed. The OSHRC did not direct the case for review. As such, the decision of the ALJ is deemed the final order of the OSHRC. See 29 U.S.C. § 661(j). We have jurisdiction pursuant to 29 U.S.C. § 660.

## II.

Pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(a)(2), this Court may set aside the legal conclusions of the ALJ if they are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." See Bianchi Trison Corp. v. Chao, 409 F.3d 196, 204 (3d Cir. 2005). The Court "must defer to an agency's reasonable interpretation of an ambiguous administrative statute." Reich v. D.M. Sabia Co., 90 F.3d 854, 856 (3d Cir. 1996); see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843–46 (1984). In those instances in which the Secretary of Labor's interpretation differs from the interpretation of the OSHRC, the Court must defer to the Secretary's reasonable interpretation. Reich, 90 F.3d at 859–60; see also Martin v. OSHRC, 499 U.S. 144 (1991).

OSHA cited Trinity for two violations of the OSH Act. The regulation at issue, 29 C.F.R. § 1926.1101, applies, in part, to construction and maintenance involving asbestos. Id. §

4

1926.1101(a)(3). The regulation requires building owners[1] to test for asbestos at the worksite and communicate the results of those tests to employees and prospective employers bidding for work. The testing, id. § 1926.1101(k)(2)(i), and notification, id. § 1926.1101(k)(2)(ii), provisions are those at issue in this case. Pursuant to the regulation, the thermal system insulation and surfacing materials of buildings constructed prior to 1981 are presumed to contain asbestos and are deemed "presumed asbestos containing material" ("PACM"). Id. § 1926.1101(b). Tests done in accordance with the regulation can be used by the building owner to rebut the presumption that such materials actually contain asbestos. Id. § 1926.1101(k)(5).

The first issue to be addressed is the ALJ's reclassification of Trinity's violations as "non-serious." Pursuant to 29 U.S.C. § 666(k), "a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists . . . unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." The ALJ ruled that the Secretary had failed to meet her burden of showing that a serious violation had occurred because "there is no evidence to show any significant exposure to asbestos." (A.R. 20). Trinity agrees, arguing that the Secretary "must present evidence either that there is a substantial probability that serious disease or death could result from this isolated one-time exposure, or that overexposure to asbestos was typical of the employee's job." Trinity Br. at 12. We disagree.

It is well-settled that, pursuant to § 666(k), "when the violation of a regulation makes the occurrence of an accident with a substantial probability of death or serious physical harm possible, the employer has committed a serious violation of the

---

[1] As the Secretary explained both at oral argument and in her supplemental letter brief, the regulation applies only to building owners "who are statutory employers" under the OSH Act. 59 Fed. Reg. 40964, 40972 (Aug. 10, 1994). Trinity conceded at argument that it is both a building owner and a statutory employer.

regulation." Bethlehem Steel Corp. v. OSHRC, 607 F.2d 1069, 1073 (3d Cir. 1979) (emphasis added). The "substantial probability" portion of the statute "refers not to the probability that an accident will occur but to the probability that, an accident having occurred, death or serious injury could result," Ill. Power Co. v. OSHRC, 632 F.2d 25, 28 (7th Cir. 1980), even in those cases in which an accident has not occurred or, in fact, is not likely to occur, Cal. Stevedore & Ballast Co. v. OSHRC, 517 F.2d 986, 987 (9th Cir. 1975); see also Phelps Dodge Corp. v. OSHRC, 725 F.2d 1237, 1240 (9th Cir. 1984); Usery v. Hermitage Concrete Pipe Co., 584 F.2d 127, 131–32 (6th Cir. 1978).

Trinity violated the statute by failing to test for asbestos and notify Pli-Brico of the results. Given this failure, Pli-Brico and its employees could not adequately prepare for the job or arrange for protection to guard against the threat of asbestos exposure. This is the failure which forms the basis for the violations, and not the subsequent exposure suffered by Pli-Brico's employees. As such, the question is whether, as a result of the failure to test and notify, it was possible that an accident could occur in which it was substantially probable that death or serious physical harm would result. See, e.g., Phelps Dodge Corp., 725 F.2d at 1240; Miniature Nut & Screw Corp., 17 BNA OSHC 1557 (OSHRC 1996); Dec-Tam Corp., 15 BNA OSHC 2072 (OSHRC 1993). Given that the violations made it possible that workers could unwittingly stumble into large amounts of asbestos without adequate protection, there was no need to show that Pli-Brico employees suffered any actual exposure to asbestos, much less the "significant exposure" that the ALJ required, in order for the Secretary to show that a serious injury could result. Given the "detrimental health effects" that can result from exposure, 51 Fed. Reg. 22,612, 22,615 (June 20, 1986), the failure to test for asbestos in those situations in which it is presumed to be present (and, given the failure to test, the concomitant failure to communicate the results of any tests) is unquestionably a "serious" violation. We will therefore grant the Secretary's petition and remand for consideration of the proper penalty to be assessed.

We turn, then, to Trinity's arguments that the citation should have been dismissed altogether because the exposure was limited to employees of Pli-Brico, as opposed to its own employees, and because it did not have knowledge of the presence of asbestos. We reject both arguments.

First, Trinity argues that, pursuant to the Supreme Court's ruling in Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992), the term "employee" must be understood in the context of the conventional master-servant relationship so as to preclude liability when the affected workers are not actually "employees" of the employer. Therefore, according to Trinity, it could not be cited for a violation here, as the exposed workers were employees of Pli-Brico. Trinity draws further support from the Commission's recent decision in Summit Contractors, Inc., No. 03-1622 (Apr. 27, 2007), in which it ruled that the Secretary's use of the multi-employer worksite doctrine in construction cases was precluded by a regulation limiting her authority to an "employer" and "his employees." See 29 C.F.R. § 1910.12(a). We find neither case controlling or particularly persuasive.

Although Nationwide Mutual Insurance Co. stands for the proposition that "employee" should be given its common law "master-servant" definition, 503 U.S. at 322–24, that case was decided under ERISA and has no impact on the question of whether the scope of the OSH Act is broad enough to cover workers who are not employees under the common law definition. Courts have frequently ruled that the OSH Act, and the regulations promulgated thereunder, sweep broadly enough so as to allow the Secretary to impose duties on employers to persons other than their employees. See, e.g., United States v. Pitt-Des Moines, Inc., 168 F.3d 976, 982–83 (7th Cir. 1999); Anthony Crane Rental, Inc. v. Reich, 70 F.3d 1298, 1306 (D.C. Cir. 1995); Martin v. Am. Cyanamid Co., 5 F.3d 140, 141 (6th Cir. 1993); James R. Howell & Co., 19 BNA OSHC 1277 (OSHRC 2000).

Furthermore, unlike the regulations at issue in Summit Contractors, Inc., the regulation at issue here specifically applies

7

to building owners, and the Secretary has made it clear that only those building owners who are also statutory employers under the OSH Act are covered.[2]  We are not convinced that the Secretary is powerless to regulate in this field, especially given the findings she has made regarding the importance of building owners in the discovery and communication of asbestos hazards. See  29 C.F.R. § 1926.1101(k); see also Bldg. & Constr. Trades Dep't v. Brock, 838 F.2d 1258, 1278 (D.C. Cir. 1988).

Second, Trinity argues that the regulation impermissibly shifts the burden of proof regarding knowledge because, by presuming the presence of asbestos in buildings built prior to 1981, it eliminates the Secretary's obligation to prove that the employer knew of, or with the exercise of reasonable diligence could have known of, the condition constituting a violation of the OSH Act. See Trinity Indus., Inc. v. OSHRC, 206 F.3d 539, 542 (5th Cir. 2000); see also 29 U.S.C. § 666(k).

Trinity's argument misses the mark.  Pursuant to the regulation, the "condition[] constituting the violation" of which the building owner "was aware" was the fact that the building was constructed before 1981 and that no testing was done in accordance with the regulation. Odyssey Capital Group III, L.P., 19 BNA OSHC 1252 (OSHRC 2000), review denied, 26 Fed. Appx. 5 (D.C. Cir. 2001); James R. Howell & Co., 19 BNA OSHC 1277 (OSHRC 2000).  As such, the Secretary is required to show that the building owner knew that his building was constructed prior to 1981 and that he had not conducted the tests required by the regulation to ensure that presumed asbestos containing material was not, in fact, present.  Actual knowledge of the presence of asbestos is irrelevant—not because it is presumed, but, rather, because a violation of the regulation does not require that any asbestos actually be present.  Having failed to conduct tests compliant with 29 C.F.R. § 1926.1101(k)(5), Trinity violated the regulation. See Odyssey Capital Group III,

---

[2] Insofar as Trinity has conceded that it is both, see n.2 supra, we need not consider the Secretary's ability to regulate building owners who are not statutory employers.

8

L.P. v. OSHRC, 26 Fed. Appx. 5, 7 (D.C. Cir. 2001).

## III.

For the foregoing reasons, we will grant the petition in 06-2121 and deny the petition in 06-2271. We will remand for further proceedings consistent with this opinion.

Secretary of Labor v. Trinity Industries, Inc.
Nos. 06-2121, 06-2271
TASHIMA, Senior Circuit Judge, dissenting.

I respectfully dissent. I would grant Trinity Industries'
("Trinity") petition for review in No. 06-2271 and vacate the
citations because, in my view, the Secretary of Labor
("Secretary") lacked jurisdiction over Trinity.

The OSH Act establishes workplace safety duties of
"employers" with respect to "employees." 29 U.S.C. § 654. The
Supreme Court has clearly declared that, unless a statute sets
forth a broader definition, Congress intended the term
"employee" to connote traditional agency law criteria for master-
servant relationships. Nationwide Ins. Co. v. Darden, 503 U.S.
318, 322-24 (1992) (describing this principle as "well
established"). Under Darden, Trinity is an "employer" for OSH
Act purposes only with respect to its own employees. While
Trinity would be liable under the Act for actions or omissions
that placed its own employees in harm's way, a failure to
safeguard non-employees – in this case, Pli-Brico's workers – is
simply outside the scope of the Act. This is a more sensible
approach than that that adopted by the majority, under which the
Secretary's regulations of building and facility owners may be
upheld as long as the cited business or facility owner has some
employees, somewhere, resulting in applying the OSH Act to
building owners on a completely arbitrary and random basis.

Although, as the majority correctly notes, Darden was an
ERISA case, its reach is clearly not so limited. Darden
announced a general rule of statutory construction in broad
language, which the Court has never attempted to limit to
ERISA. See id.; see also, e.g., Neder v. United States, 527 U.S.
1, 21-22 (1999). Indeed, the Court reached its conclusion in
Darden by examining two previous attempts by the Supreme
Court to impose a broader definition of "employee" in the
context of other laws, both of which  resulted in congressional
amendment of the statutes to reflect the common-law definition
of "employee." See Darden, 503 U.S. at 324-25 (discussing the

National Labor Relations Act and the Social Security Act). The Supreme Court and courts of this circuit have consistently applied Darden to other statutes that include definitions of "employer" or "employee" similar to ERISA's. See, e.g., Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 444-51 (2003) (Americans with Disabilities Act); Walters v. Metro. Educ. Enters., 519 U.S. 202, 211 (1997) (Title VII); Sempier v. Johnson & Higgins, 45 F.3d 724, 728 n.4 (3d Cir. 1995) (Age Discrimination in Employment Act); Shapiro v. Sutherland, 835 F. Supp. 836, 837-38 (E.D. Pa. 1993) (False Claims Act).

ERISA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6). That definition is essentially identical to the definition of "employee" in the OSH Act. See id. § 652(6) ("The term 'employee' means an employee of an employer who is employed in a business of his employer which affects commerce."). Other courts of appeals, as well as the Occupational Safety and Health Review Commission itself, have already applied Darden to the Act. See e.g., Slingluff v. OSHRC, 425 F.3d 861, 867-69 (10th Cir. 2005); IBP, Inc. v. Herman, 144 F.3d 861, 865 (D.C. Cir. 1998); Loomis Cabinet Co. v. OSHRC, 20 F.3d 938, 941-42 (9th Cir. 1994); Sec'y of Labor v. Vergona Crane Co., Inc., 15 BNA OSHC 1782 (OSHRC 1992). The majority's refusal to apply traditional agency law principles to this case is therefore contrary to the reasoning of Darden and is out of step with subsequent decisions of the Supreme Court, this circuit, and other courts of appeals.

Were it necessary to reach the question, I also disagree with the majority's conclusion that the ALJ erred in finding that the Secretary failed to prove that Trinity's violations were "serious." As I understand the majority's logic, every failure to notify or test for asbestos is necessarily a serious violation, regardless whether exposure did occur or even could occur. But caselaw teaches that the test for a serious violation is whether the violation makes possible the occurrence of an event carrying

11

substantial probability of death or serious physical harm.[3] Bethlehem Steel Corp. v. OSHRC, 607 F.2d 1069, 1073 (3d Cir. 1979).  The level and duration of exposure to asbestos is highly relevant to determining whether the "event," i.e., the asbestos exposure that could occur as a result of Trinity's failure to test or notify, carried such a probability of harm.  Accord Usery v. Hermitage Concrete Pipe Co., 584 F.2d 127, 131-33 (6th Cir. 1978) (rejecting the Secretary's proposed rule that, because silicosis is a serious disease, any exposure to silica dust exceeding permissible amounts is per se a serious violation); Sec'y of Labor v. Duquesne Light Co., 11 BNA OSHC 2033 (OSHRC 1984) (holding that one-time exposure to asbestos is not a serious violation unless the Secretary makes an additional showing that the particular incidence of exposure carried a substantial probability of causing a serious disease).

Because the classification of the violation is necessarily a fact-based question  subject to review only for "substantial evidence," see Bianchi Trison Corp. v. Chao, 409 F.3d 196, 204, 208 (3d Cir. 2005), I would defer to the ALJ's sensible and reasonable determination that the asbestos exposure experienced by Pli-Brico employees on March 26 and March 28, 2005 – amounting only to a matter of hours – did not create a substantial probability of death or serious physical harm.

For the reasons set forth above, I would grant the petition

_____

[3]  The OSH Act defines a "serious violation" as:

For purposes of this section, a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists . . . in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.

29 U.S.C. § 666(k).

for review in No. 06-2271 and vacate the citations issued to Trinity. Alternatively, I would hold that substantial evidence supports the ALJ's finding that the Secretary failed to prove a serious violation and, thus, deny the petition for review in No. 06-2121.